U.S. DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| L.B., a minor, by and through Next Friend, MICHAEL BUSCHMAN, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | Case No: 2:18-cv-04060-WJE |
| JEFFERSON CITY SCHOOL DISTRICT, et al., ) ) ) | |
| Defendants. ) | |

**DEFENDANT JEFFERSON CITY PUBLIC SCHOOLS' PARTIAL MOTION FOR JUDGMENT ON THE PLEADINGS, AND SUGGESTIONS IN SUPPORT**

Defendant Jefferson City Public Schools ("JCPS")[1], by and through its attorneys, and pursuant to Fed.R.Civ.P. 12(c), hereby moves this Court for judgment on the pleadings as to Count I of Plaintiff's Petition filed in this matter. Plaintiff fails to allege a claim of discrimination pursuant to the Missouri Human Rights Act in this matter, as there are no allegations that Plaintiff was treated differently than any other students on the basis of her sex, or that she was discriminated against by any employee of JCPS. In support of this motion, JCPS states as follows:

**Suggestions in Support of Partial Motion for Judgment on the Pleadings**

Plaintiff L.B. was a sophomore student at Jefferson City High School during the 2016-17 school year. Petition at ¶ 24. Plaintiff alleges that she was released from school without the proper identification procedure being followed, when her 32 year-old

---

[1] Plaintiff has named Jefferson City School District as a defendant in this cause of action. Jefferson City Public Schools is the proper entity.

adoptive cousin called the high school pretending to be Plaintiff's father, and asking that Plaintiff be released from school. *See* Petition at ¶¶ 25 - 41. Plaintiff then claims she was abused by her 32 year-old adoptive cousin after being released from school. *Id*. Nowhere does Plaintiff allege any of the alleged abuse occurred on JCPS property. Plaintiff also does not allege that her adoptive cousin was an employee of JCPS.

Count I of Plaintiff's Petition filed in this matter is a claim brought against JCPS pursuant to the Missouri Human Rights Act, § 213.010, *et. seq.*, RSMO (hereinafter "MHRA"). Plaintiff claims she is a female, who was subjected to unwelcome sexual harassment by her 32 year-old adoptive cousin, and that her gender was a contributing factor in that harassment. Petition at ¶¶ 53 – 55. Plaintiff also claims that "[t]he harassment refused, withheld from, or denied Plaintiff the accommodations, advantages, facilities, service, or privileges made available in the public school, or discriminated against Plaintiff in the use thereof on the grounds of sex." Petition at ¶ 57.

It is unclear from the Petition exactly what provision of the MHRA Plaintiff is claiming discrimination under in Count I. Plaintiff first alleges in Count I that she was subjected to unwelcome sexual harassment by her 32 year-old adoptive cousin, and that her gender was a contributing factor in that harassment. This allegation sounds like a sexual harassment claim under § 213.055, RSMo, the statutory provision which makes it unlawful for any employer to discriminate on the basis of sex. If this is the claim Plaintiff is bring, this claim fails as a matter of law because the Petition alleges that any harassment was committed by Plaintiff's 32 year-old adoptive cousin, and not by anyone employed by JCPS. The only alleged abuser identified in the Petition is Plaintiff's

adoptive cousin. Petition at ¶ 25. Plaintiff also does not allege any of the alleged abuse occurred on JCPS property. Instead, she alleges it occurred at her cousin's house, after she left school. *See* Petition at ¶¶ 32, 35, 38. As a result, there can be no discrimination by JCPS on the basis of Plaintiff's sex under § 213.055, RSMo, and Plaintiff fails to state a claim upon which relief can be granted for a claim of sexual harassment on the basis of her gender.

Later in Count I, Plaintiff claims that the alleged harassment denied her accommodations on the basis of her sex. This allegation sounds like Plaintiff is attempting to bring a claim of discrimination pursuant to § 213.065, RSMo, which states that all persons in the state of Missouri are entitled to the equal use and enjoyment of any place of public accommodations, advantages, facilities, services, or privileges without discrimination because of their sex. Here, Plaintiff does not allege she was treated differently than other members of the opposite sex at Jefferson City High School regarding release procedures. The Petition also contains no allegations identifying any public accommodations, advantages, facilities, services, or privileges she was allegedly denied because of her sex. As alleged in the Petition, any release of Plaintiff from school was not due to her gender, but was due to an adult relative stating that he was her father, and she should be released from school. As such, under either theory of discrimination under the MHRA, there was no discrimination towards Plaintiff on the basis of her sex, and she fails to state a claim for discrimination.

WHEREFORE, Defendant JCPS respectfully requests that this Court issue an Order granting it judgment on the pleadings as to Count I of Plaintiff's Petition in this matter for failure to state a claim upon which relief can be granted, and for any other relief deemed just and proper under the circumstances.

Respectfully Submitted,

SCHREIMANN, RACKERS
& FRANCKA, L.L.C.

/s/ Ryan Bertels
Christopher P. Rackers, #41894
Ryan Bertels, #55167
931 Wildwood Drive, Suite 201
Jefferson City, MO 65109
573-634-7580
Fax: 573-635-6034
rb@srfblaw.com

Attorneys for Defendants Jefferson City Public Schools and Robert James

**CERTIFICATE OF SERVICE**

I hereby certify that on April 2, 2018, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all attorneys of record.

/s/ Ryan Bertels