IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| L.B., a minor, by and through ) <br> Next Friend, MICHAEL BUSCHMAN, ) <br> ) <br> *Plaintiff*, ) <br> ) <br> vs. ) <br> ) <br> JEFFERSON CITY SCHOOL DISTRICT, ) <br> ) <br> ET AL., ) <br> ) <br> *Defendants*. ) | Case No.    2:18-cv-04060-BCW <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF'S SUGGESTIONS OPPOSING DEFENDANT JEFFERSON CITY PUBLIC SCHOOLS' PARTIAL MOTION FOR JUDGMENT ON THE PLEADINGS**

COMES NOW Plaintiff, by and through counsel, and in compliance with Local Rule 7.0 and this Court's Order of April 6, 2018 [Doc. # 6], hereby opposes Defendant Jefferson City Public Schools' Partial Motion for Judgment on the Pleadings and Suggestions in Support [Doc. # 4] ("Defendant's Motion") with the following suggestions.

I.  Background

Count I of the Petition[1] states a claim against Defendant Jefferson City School District[2] ("Defendant") under the Missouri Human Rights Act ("the Act"). Defendant's repeated and egregious failures to follow its own policies, which it established for student safety, allowed an abuser repeatedly to call L.B. out of school, where she should have been safely learning, in order to assault her sexually. In her suit, L.B. seeks to hold Defendant liable for its conduct, without

---

[1] As Plaintiff filed this case in state court, the initial pleading is titled a "Petition." *See* Mo. Sup. Ct. R. 55.01.
[2] School Board Policy AA states, "The official name of the school district shall be Jefferson City School District." Defendant's Motion states, "Jefferson City Public Schools is the property entity." See Doc. # 4, p. 1 at n.1.

Page **1** of **9**

which the sexual intercourse never would have occurred. Precedential case law from both the Missouri Court of Appeals and this Court proves the adequacy of Count I. Defendant's Motion should be denied.

## II. Standard for Judgment

Defendant's Motion is brought under Fed. R. Civ. P. 12(c). However, a motion under Rule 12(c) is untimely because the Defendants have not filed answers. "[T]he pleadings are not closed until all defendants have filed an answer." *Wells Fargo Fin. Leasing, Inc. v. Griffin*, 970 F. Supp. 2d 700, 705 (W.D. Ky. 2013) (citing cases). "When a defendant has failed to file an answer, a motion for judgment on the pleadings is not the correct procedural remedy." *Stands Over Bull v. Bureau of Indian Affairs*, 442 F. Supp. 360, 367 (D. Mont. 1977) (citing *General Motors Corp. v. Blevins*, 144 F. Supp. 381 (D. Colo. 1956)). "Judgment on the pleadings under Rule 12(c) is available only when the pleadings are closed." *Stands Over Bull*, 442 F. Supp. at 367 (citing *City Bank v. Glenn Constr. Corp.*, 68 F.R.D. 511, 512 (D. Hawaii 1975)). An untimely Rule 12(c) motion may be denied on that basis. See *Stands Over Bull*, 442 F. Supp. at 367.

Alternatively, an untimely Rule 12(c) motion may be treated as a motion under Fed. R. Civ. P. 12(b)(6). See *Wells Fargo*, 970 F. Supp. 2d at 705-06. This can be appropriate because "the standard for a Rule 12(c) motion is the same as that for a motion to dismiss under Rule 12(b)(6)." *Id.* at 705. Thus, if the Court decides to rule on Defendant's Motion, then the Rule 12(b)(6) standard applies.

To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *McCaffree*

*Fin. Corp. v. Principal Life Ins. Co.*, 811 F.3d 998, 1002 (8th Cir. 2016). "A claim is plausible on its face 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *McCaffree Fin.*, 811 F.3d at 1002 (quoting *Iqbal*, 556 U.S. at 678). The Court "must accept the plaintiff's factual allegations as true and grant all reasonable inferences in the plaintiff's favor." *Phipps v. Fed. Deposit Ins. Corp.*, 417 F.3d 1006, 1010 (8th Cir.).

### III. Legal Argument

Count I states a claim under the Act's prohibition on discrimination in public accommodations, which is codified at § 213.065 R.S. Mo. Defendant's Motion attempts to confuse the Court by invoking the Act's prohibition on unlawful employment practices,[3] but that provision is inapposite. Count I avers the elements of school-district liability for sexual harassment of students[4] just as the Missouri Court of Appeals laid out those elements in *Doe ex rel. Subia v. Kansas City, Mo. Sch. Dist.*, 372 S.W.3d 43, 54 (Mo. App. 2012). The facts alleged in the Petition are more than adequate to support those elements, and the progeny of *Subia* bolsters the doctrinal validity of Count I.

**A.      The Act holds liable those who "directly or indirectly" deny another person any of the benefits of a public accommodation.**

In *Subia*, the plaintiff alleged that he was sexually harassed and assaulted by another elementary student on multiple occasions at school. *Id.* at 46. He alleged that school administrators and employees "had knowledge of the perpetrator's inappropriate and sexualized behavior and his aggressive tendencies" but that they nonetheless allowed the perpetrator the use the restroom at the same time with his peers. *Id.* Plaintiff's theory was that, due to the school district's actions and inactions, he was deprived of the full, free, and equal use and enjoyment of

---
[3] *See* Defendant's Motion at p. 2 (invoking § 213.055 R.S. Mo.).
[4] *See* Petition [Doc. # 1-4], ¶¶ 53-57 at p. 8.

the school, which is a place of public accommodation, and of its services. *Id.* The defendants argued that § 213.065 did not apply to the student's claim.

The court interpreted the Act in light of its purpose as a remedial statute. *Id.* at 47. "[B]ecause Section 213.065 is a remedial statute, we should interpret it 'liberally to include those cases which are within the spirit of the law and all reasonable doubts should be construed in favor of applicability to the case.'" *Id.* at 48 (quoting *Mo. Comm'n on Human Rights v. Red Dragon Rest., Inc.*, 991 S.W.2d 161, 166-67 (Mo. App. 1999)). The court went on to hold that a public school is a place of public accommodation, *Subia*, 372 S.W.3d at 50, and that the Act prohibits sex discrimination in all public accommodations, not just in "employment, disability, or familial status as it relates to housing," *id.* at 51.

The court then considered the school district's liability where no school official has personally engaged in the harassment. The court noted that the Act "prohibits a person from 'directly or indirectly' denying another person any of the benefits of a public accommodation." *Id.* (quoting § 213.065.2 R.S. Mo.). The inclusion of the modifier <u>indirectly</u> means, "the statute also contemplates liability for a party who does not personally engage in the discriminatory acts but who is responsible for the denial of the advantages, facilities, services, or privileges of a public accommodation that results from another's discriminatory acts." *Subia*, 372 S.W.3d at 51. Critically, the court made clear that the plaintiff was "not trying to hold the School District liable for the perpetrator's conduct but [was] instead trying to hold the School District liable for its own conduct." *Id.* Thus, the school district was not vicariously responsible for the sexual harassment and assault of the perpetrator, but it was directly liable for remaining idle when it knew or should have known of the harassment.

Ultimately, the court articulated the standard for school-district liability for peer-on-peer sexual harassment. The court applied the "knew or should have known" standard from the Act's employment cases. *Id.* at 54. It incorporated the language from § 213.065.2 R.S. Mo. to require that "the harassment refused, withheld from, or denied, or to attempted to refuse, withhold from, or deny him any of the accommodations, advantages, facilities, services, or privileges made available in the public school, or segregated or discriminated against him in the use thereof on grounds of race, color, religion, national origin, sex, ancestry, or disability." *Id.* The remaining elements are standard under the Act: that the plaintiff be a member of a protected group, that she was subjected to unwelcome sexual harassment, and that her gender was a contributing factor in the harassment. *Id.*

Having established the elements of the claim, the court concluded that the plaintiff had stated a claim under the Act. The court noted, "[t]he plain language of Section 213.065 . . . does not require that the victim of discrimination be denied *access* to the public accommodation." *Id.* at 55. "Rather, it requires only that the victim be denied 'any of the accommodations, advantages, facilities, services, or privileges made available in any place of public accommodation' or that the victim be discriminated against in his use of the public accommodation on the grounds of race, color, religion, national origin, sex, ancestry, or disability." *Id.* (quoting § 213.065.2 R.S. Mo.). The court held, "[Plaintiff's] allegation that he was sexually harassed and sexually assaulted on multiple occasions in the boys' restroom sufficiently pled that he was discriminated against, *i.e.*, subjected to 'unfair treatment based on . . . sex,' . . . in his use of the school in that he was denied the full and equal use and enjoyment of the school and its services." *Subia*, 372 S.W.3d at 55 (quoting § 213.010(5) R.S. Mo.). The plaintiff's petition therefore stated a cause of action.

### B. This Court has recently held that the location of the harassment is not dispositive of the school district's liability.

Recently, this Court applied *Subia* to a case of off-campus sexual assault. In *Martin v. North Kansas City Sch. Dist.*, No. 17-cv-073, slip op., 2018 WL 614966 (W.D. Mo. Jan. 29, 2018),[5] the student was a minor female who was sexually assaulted and raped off-campus by her former teacher, who was employed by the school district. The plaintiffs alleged that, prior to the sexual assault, the perpetrator groomed the student via social media, text message, and cell phone. *Id.* at 7. The school district pointed out that none of the conduct was alleged to have taken place on district premises. *Id.* The district argued that the location of the harassment was important because, "in the Title IX context, a district's degree of control over the harasser and the environment in which the harassment occurs is relevant for liability purposes." *Id.* at 8.

This Court declined to apply Title IX standards to § 213.065 R.S. Mo. It looked at the holding, rule, and rationale from *Subia*. *Id.* at 8-9. Clearly and explicitly, this Court held, "there is nothing in the statute or even in the [*Subia*] Court's holding which requires that the assault or harassment occur on school property." *Id.* at 9. This Court emphasized the facts that the school district knew or should have known of the danger posed by the perpetrator. *Id.* at 9-10. Accordingly, the school district could be liable for the off-campus sexual assault.

### C. The Petition alleges facts that state a claim under the Act.

As stated above, Count I of the Petition contains the elements of school-district liability for sexual harassment of a student, just as they are laid out in *Subia*. The Petition describes the JCSD policies at issue,[6] explains the Defendant's own stated reason for those policies,[7] and articulates that Defendant knew or should have known of the danger caused by its failure to

---

[5] A copy of the *Martin* slip opinion is attached for the Court's reference.
[6] *See* Petition, ¶¶ 9-20 at pp. 3-4.
[7] *Id.*, ¶ 21 at p. 4.

follow those policies[8]. The pattern of abuse, as alleged in the Petition, begins with L.B. at school, proceeds with Defendants' repeated policy violations which allow a perpetrator to call L.B. out of school, and results in repeated sexual assaults on L.B. by the perpetrator who took advantage of the Defendant's policy failures.[9] The Petition states that the only times the perpetrator was able to have sex with L.B. were during school hours,[10] "[d]ue to the presence and attention of other adults" in L.B.'s life[11].

The facts in the Petition point directly to Defendant's liability. "At some time between [the beginning of the policy violations and the end of the abuse], Defendants knew or should have known that the Abuser was taking L.B. out of JCHS in violation of the District Policies in order to have sex with her." *Id.*, ¶ 45 at p. 7. The policies, *inter alia*, required school officials to refuse telephone requests for early dismissal unless the caller could be positively identified as the student's parent or guardian and required persons requesting release of a student to present proper identification prior to release of the student. Petition, ¶¶ 15-18 at p. 4. If Defendant had followed those policies, it would have known that the abuser was calling L.B. out of school for illicit purposes, and the abuse would not have occurred as it did. These facts present a much stronger case for 'should have known' liability than *Subia*, where the allegation was that school administrators and employees "had knowledge of the perpetrator's inappropriate and sexualized behavior and his aggressive tendencies." *Subia*, 372 S.W.3d at 46.

Defendant is responsible, directly, or indirectly, for the denial of the advantages, services, and privileges of the school and its services. Its policy failures were the *sine qua non* of the sexual abuse by the perpetrator, at a time when L.B. should have been safely learning inside the

---

[8] *Id.*, ¶ 22 at p. 4.
[9] *Id.*, ¶¶ 27-43 at pp. 5-7.
[10] *Id.*, ¶¶ 32-42 at p. 6.
[11] *Id.*, ¶ 26 at p. 5.

school building.  "If Defendants had followed the District Policies, the Abuser never would have been able to have sexual intercourse with L.B."  Petition, ¶ 44 at p. 7.  As a direct and proximate result of the Defendant's failures, L.B. "was deprived of the accommodations, advantages, facilities, services, or privileges made available in the public school" and "was subjected to unfair treatment based on sex in that she was denied the full and equal use and enjoyment of the school and its services."  *Id.*, ¶¶ 46-47 at p. 7.  Accord *Subia*, 372 S.W.3d at 55.

The Petition plainly states a claim under the Act.  Defendant's Motion argues that Count I fails to state a claim because the perpetrator was not employed by JCSD and because the abuse occurred off-campus.  However, the perpetrator in *Subia* was not employed by the school district; and the abuse in *Martin* occurred off-campus.  See *Martin*, slip op., p. 9 ("there is nothing . . . which requires that the assault or harassment occur on school property").  The point is that Defendant's conduct made the abuse possible, when L.B. should have been safely in the JCHS building.

The Petition does not seek to hold Defendant vicariously liable for the perpetrator's actions.  As in *Subia*, Plaintiff is "instead trying to hold the School District liable for its own conduct."  372 S.W.3d at 51.  That conduct comprises Defendant's repeated failures to follow the policies it established for student safety under circumstances showing that Defendant knew or should have known about the abuse that was occurring.

## IV.  Conclusion

None of the reasons given in Defendant's Motion supports a dismissal of Count I.  L.B.'s claim is not brought under the Act's employment provision, and the case law does not require the sexual abuse to occur on campus or the abuser to be a district employee.  The Act requires merely that the defendant be "directly or indirectly" responsible for the denial of the use and

enjoyment of a public accommodation. The facts in the Petition support such responsibility. Defendant's Motion should be denied.

RESPECTFULLY SUBMITTED

 /s/ Daniel J. Rhoads
Daniel J. Rhoads, 59590 MO
**THE RHOADS FIRM, LLC**
12741 St. Charles Rock Rd.
St. Louis, MO 63044
Phone: (314) 225-8848
Fax: (314) 754-9103
therhoadsfirmllc@gmail.com

*Attorney for Plaintiff*
*L.B., a minor, by and through*
*Next Friend, Michael Buschman*

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was filed electronically with the Clerk of the Court on April 27, 2018, to be served by operation of the Court's electronic filing system upon:

Christopher Rackers
Ryan Bertels
Schreimann, Rackers & Francka, LLC
931 Wildwood Dr., Suite 201
Jefferson City, MO 65109
cpr@srfblaw.com
rb@srfblaw.com

*Attorneys for Defendants*

 /s/ Daniel J. Rhoads