**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| L.B., | ) | |
| *by and through next friend,* | ) | |
| *Michael Buschman*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 2:18-CV-04060-BCW |
| | ) | |
| JEFFERSON CITY PUBLIC | ) | |
| SCHOOL DISTRICT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>ORDER</u>**

Before the Court is the parties' Joint Motion for Protective Order (Doc. #12). The Court, being duly advised of the premises, and for good cause shown, grants the joint motion, pursuant to the following terms and modifications.

1.  As used in this Protective Order, "Confidential Information" means information that falls within one or more of the following categories:

    a.  Information prohibited from disclosure by statute;

    b.  Medical information concerning any individual, including mental health information;

    c.  Person identity information

    d.  Income tax returns (including attached schedules and forms), W-2 forms and 1099 forms;

    e.  Personnel or employment records of a person who is not a party to the case;

    f.  Sealed juvenile arrest / court records;

**g.** Locations of security cameras in and around Jefferson City High School ("JCHS"); and

**h.** Education records subject to FERPA.

Information or documents that are available to the general public may not be designated as Confidential Information.

2. A party producing Confidential Information shall mark all documents containing Confidential Information as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." Any such production or disclosure shall be made subject to the provisions of this Protective Order.

3. Confidential Information should be utilized solely for the purposes of this action, and shall not be used for any other purposes by the Parties, their counsel, or any other person, except with written permission from opposing counsel, or as provided herein, or by further order of this Court.

4. The Parties shall not disclose Confidential Information produced by any party either by verbal description or by showing the material itself to any other person, organization, or entity of any kind or nature whatsoever, other than (a) the Plaintiff or Defendants themselves; (b) co-counsel and staff members of Plaintiff's and Defendants' counsel assisting in trial or pre-trial preparation; (c) experts and consultants retained on Plaintiff's or Defendants' behalf; (d) the person who is the subject matter of the Confidential Information; and/or (e) for use at depositions, as part of dispositive motions, at mediation, and/or at trial.

5. Counsel of record shall instruct the Parties, their co-counsel and staff members, experts and consultants, and any other authorized person to whom they disclose Confidential Information, of the requirements of this Protective Order and that the confidentiality provisions

of this Protective Order shall extend to them.

6.      Witnesses, court reporters, and other persons participating in or present at any deposition in this case shall be subject to this Protective Order and shall each execute an "Acknowledgment" (Exhibit A) prior to their participation. Deposition transcripts need not be redacted or altered; however, counsel shall ensure that all deposition transcripts are designated "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER."

7.      Where Confidential Information appears in pleadings or other filings with the Court, the Confidential Information shall be redacted. The parties may file unredacted pleadings under seal, with service of the unredacted filings to be made outside the Court's electronic filing system. To the extent any party seeks to file Confidential Information under seal, the parties are directed to follow the procedure set forth in the CM/ECF Civil and Criminal Administrative Procedures Manual and Users Guide for the Western District of Missouri.

> a.      Mere designation of filings as Confidential Information is unlikely to justify sealing documents. Rather, the party seeking leave to file under seal should set forth how the maintenance of confidentiality outweighs the public right of access. IDT Corp. v. eBay, 709 F.3d 1220 (8th Cir. 2013).

Nothing herein shall be construed as affecting in any way the admissibility of these documents at the time of trial. Moreover, trial witnesses, court reporters, courthouse personnel, jurors, and others participating in the trial shall not be required to execute the Acknowledgment (Exhibit A) and are not bound to the terms of this Protective Order during the trial.

8.      Nothing contained in this Protective Order shall prohibit a party from

asserting a privilege recognized by law. Further, all other rules regarding redaction and filing under seal that apply in this Court shall apply in this case. In the event of a conflict between generally applicable rules and the terms of this Protective Order, the parties shall err on the side of greater confidentiality, subject to the provisions of paragraph 9. The parties shall resolve any dispute relating to this Protective Order pursuant to the requirements of L.R. 37.1.

9.      Any party may, after consultation with opposing counsel, apply to the Court for modification of or exception to this Protective Order. Furthermore, this Protective Order shall not prevent any party from contesting the designation of a document as "Confidential." Such objection shall be in writing. However, if a party objects to the designation of a document as "Confidential," the objecting party shall continue to treat the document as confidential until such time as the Parties agree otherwise or this Court issues an order changing the designation of the document. In the event of a disagreement regarding the designation of a document as "Confidential," the party seeking confidentiality shall seek Court intervention within thirty (30) days after written notification by opposing counsel of said objection.

10.     At the conclusion of this case, including all appeals, all Confidential Information provided by Plaintiff and Defendants, including documents, and copies of same, shall, within thirty (30) days, be returned to the producing party's counsel, or destroyed. If destroyed, counsel shall so indicate in a letter to the producing party's counsel. Counsel may keep one copy of confidential information for its file; however, in doing so, counsel must continue to maintain the confidentiality of the information.

        IT IS SO ORDERED.


DATED: <u>May 18, 2018</u>                    /s/ Brian C. Wimes
                                              JUDGE BRIAN C. WIMES
                                              UNITED STATES DISTRICT COURT