## IN THE CIRCUIT COURT OF COLE COUNTY, MISSOURI

| | |
|---|---|
| L.B., a minor, by and through Next Friend, MICHAEL BUSCHMAN, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No: 18AC-CC00105 ) |
| JEFFERSON CITY SCHOOL DISTRICT, et al., | ) ) ) ) |
| Defendants. | ) |

## **DEFENDANTS' ANSWER**

COME NOW Defendants Jefferson City Public Schools[1] and Robert James, by and through their attorneys, and for their Answer to Plaintiff's Petition, states to the Court as follows:

1. These Defendants, at this time, are without sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 1, and therefore deny same.

2. These Defendants, at this time, are without sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 2, and therefore deny same.

3. Defendant Jefferson City Public Schools admits it is a public school district located within the County of Cole, State of Missouri. The remainder of the allegations in Paragraph 3 are assertions of law requiring no response.

---

[1] Plaintiff has named Jefferson City School District as a defendant in this cause of action. Jefferson City Public Schools is the proper entity.

4. These Defendants admit that Robert James is the Principal of Jefferson City High School. The remainder of the allegations in Paragraph 4 are assertions of law requiring no response.

5. These Defendants, at this time, are without sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 5, and therefore deny same.

6. The allegations in Paragraph 6 are assertions of law requiring no response.

7. These Defendants deny the allegations of Paragraphs 7.

8. These Defendants admit the JCPS Board of Education develops and adopts policies for all the schools in the district, including Jefferson City High School. These Defendants deny the remaining allegations of Paragraph 8.

9. These Defendants, at this time, are without sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 9, and therefore deny same.

10. These Defendants, at this time, are without sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 10, and therefore deny same.

11. These Defendants, at this time, are without sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 11, and therefore deny same.

12. These Defendants, at this time, are without sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 12, and therefore deny same.

13. These Defendants, at this time, are without sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 13, and therefore deny same.

14. These Defendants, at this time, are without sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 14, and therefore deny same.

15. These Defendants, at this time, are without sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 15, and therefore deny same.

16. These Defendants, at this time, are without sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 16, and therefore deny same.

17. These Defendants deny the allegations of Paragraph 17.

18. These Defendants, at this time, are without sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 18, and therefore deny same.

19. These Defendants, at this time, are without sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 19, and therefore deny same.

Electronically Filed - Cole Circuit - March 28, 2018 - 10:40 AM

20. These Defendants admit Section 2 of the JCHS handbook contains a section titled "Classification of Absences." These Defendants deny the remaining allegations of Paragraph 20.

21. These Defendants, at this time, are without sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 21, and therefore deny same.

22. These Defendants, at this time, are without sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 22, and therefore deny same.

23. These Defendants deny the allegations of Paragraph 23, including all subparagraphs thereto.

24. These Defendants admit that L.B. was a sophomore at JCHS during the 2016-2017 school year. These Defendants, at this time, are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations of Paragraph 24, and therefore deny same.

25. These Defendants, at this time, are without sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 25, and therefore deny same.

26. These Defendants deny the allegations of Paragraph 26.

27. These Defendants, at this time, are without sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 27, and therefore deny same.

28. These Defendants deny the allegations of Paragraph 28.

29. These Defendants deny the allegations of Paragraph 29.

30. These Defendants deny the allegations of Paragraph 30.

31. These Defendants deny the allegations of Paragraph 31.

32. These Defendants deny the allegations of Paragraph 32.

33. These Defendants deny the allegations of Paragraph 33.

34. These Defendants deny the allegations of Paragraph 34.

35. These Defendants deny the allegations of Paragraph 35.

36. These Defendants deny the allegations of Paragraph 36.

37. These Defendants deny the allegations of Paragraph 37.

38. These Defendants deny the allegations of Paragraph 38.

39. These Defendants deny the allegations of Paragraph 39.

40. These Defendants deny the allegations of Paragraph 40.

41. These Defendants deny the allegations of Paragraph 41.

42. These Defendants, at this time, are without sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 42, and therefore deny same.

43. These Defendants deny the allegations of Paragraph 43.

44. These Defendants deny the allegations of Paragraph 44.

45. These Defendants deny the allegations of Paragraph 45.

46. These Defendants deny the allegations of Paragraph 46.

47. These Defendants deny the allegations of Paragraph 47.

48. These Defendants deny the allegations of Paragraph 48.

49. These Defendants deny the allegations of Paragraph 49.

50. These Defendants admit Plaintiff filed a charge of discrimination on May 11, 2017, with the Missouri Commission on Human Rights. These Defendants deny the remaining allegations of Paragraph 50.

51. These Defendants admit the allegations of Paragraph 51.

## **COUNT I**

COME NOW Defendants Jefferson City Public Schools and Robert James, by and through their attorneys, and for their Answer to Count I of Plaintiff's Petition, states to the Court as follows:

52. In response to the allegations of Paragraph 52, these Defendant incorporate herein their answers to the allegations of Paragraphs 1 through 51 as if fully set forth herein.

53. The allegations in Paragraph 53 are assertions of law requiring no response.

54. These Defendants deny the allegations of Paragraph 54.

55. These Defendants deny the allegations of Paragraph 55.

56. These Defendants deny the allegations of Paragraph 56.

57. These Defendants deny the allegations of Paragraph 57.

58. These Defendants deny the allegations of Paragraph 58, including the allegations in the WHEREFORE clause following Paragraph 58.

WHEREFORE, having fully answered the allegations of Count I of Plaintiff's Petition, these Defendants pray that the same be dismissed against them, allowing them

Electronically Filed - Cole Circuit - March 28, 2018 - 10:40 AM

to go hence with its costs herein, and for such other relief as the Court may deem just and proper.

## COUNT II

COME NOW Defendants Jefferson City Public Schools and Robert James, by and through their attorneys, and for their Answer to Count II of Plaintiff's Petition, states to the Court as follows:

59. In response to the allegations of Paragraph 59, these Defendant incorporate herein their answers to the allegations of Paragraphs 1 through 59 as if fully set forth herein.

60. These Defendants deny the allegations of Paragraph 60

61. These Defendants deny the allegations of Paragraph 61.

62. These Defendants deny the allegations of Paragraph 62.

63. These Defendants deny the allegations of Paragraph 63, including the allegations in the WHEREFORE clause following Paragraph 63.

WHEREFORE, having fully answered the allegations of Count II of Plaintiff's Petition, these Defendants pray that the same be dismissed against them, allowing them to go hence with its costs herein, and for such other relief as the Court may deem just and proper.

## COUNT III

COME NOW Defendants Jefferson City Public Schools and Robert James, by and through their attorneys, and for their Answer to Count III of Plaintiff's Petition, states to the Court as follows:

64. In response to the allegations of Paragraph 64, these Defendant incorporate herein their answers to the allegations of Paragraphs 1 through 63 as if fully set forth herein.

65. These Defendants deny the allegations of Paragraph 65, including all subparagraphs thereto.

66. These Defendants deny the allegations of Paragraph 66.

67. These Defendants deny the allegations of Paragraph 67.

68. These Defendants deny the allegations of Paragraph 68, including the allegations in the WHEREFORE clause following Paragraph 68.

WHEREFORE, having fully answered the allegations of Count III of Plaintiff's Petition, these Defendants pray that the same be dismissed against them, allowing them to go hence with its costs herein, and for such other relief as the Court may deem just and proper.

## COUNT IV

COME NOW Defendants Jefferson City Public Schools and Robert James, by and through their attorneys, and for their Answer to Count IV of Plaintiff's Petition, states to the Court as follows:

69. In response to the allegations of Paragraph 69, these Defendant incorporate herein their answers to the allegations of Paragraphs 1 through 68 as if fully set forth herein.

70. These Defendants deny the allegations of Paragraph 70.

71. These Defendants deny the allegations of Paragraph 71.

Electronically Filed - Cole Circuit - March 28, 2018 - 10:40 AM

72. These Defendants deny the allegations of Paragraph 72.

73. These Defendants deny the allegations of Paragraph 73, including the allegations in the WHEREFORE clause following Paragraph 73.

WHEREFORE, having fully answered the allegations of Count IV of Plaintiff's Petition, these Defendants pray that the same be dismissed against them, allowing them to go hence with its costs herein, and for such other relief as the Court may deem just and proper.

## COUNT V

COME NOW Defendants Jefferson City Public Schools and Robert James, by and through their attorneys, and for their Answer to Count V of Plaintiff's Petition, states to the Court as follows:

74. In response to the allegations of Paragraph 74, these Defendant incorporate herein their answers to the allegations of Paragraphs 1 through 73 as if fully set forth herein.

75. These Defendants deny the allegations of Paragraph 75.

76. These Defendants deny the allegations of Paragraph 76.

77. These Defendants deny the allegations of Paragraph 77, including the allegations in the WHEREFORE clause following Paragraph 77.

WHEREFORE, having fully answered the allegations of Plaintiff's Petition, these Defendants pray that the same be dismissed against them, allowing them to go hence with its costs herein, and for such other relief as the Court may deem just and proper.

## GENERAL DENIAL

Electronically Filed - Cole Circuit - March 28, 2018 - 10:40 AM

Electronically Filed - Cole Circuit - March 28, 2018 - 10:40 AM

These Defendants hereby deny all allegations not expressly admitted herein.

## REQUEST FOR TRIAL BY JURY

These Defendants further request a trial by Jury on all factual issues.

## AFFIRMATIVE DEFENSES

COME NOW Defendants Jefferson City Public Schools and Robert James, by and through their attorneys, and for their Affirmative Defenses applicable to all Counts of Plaintiff's Petition states to the Court as follows:

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted or a Judgment sustained.

2. Any actions taken by these Defendants and/or their agents were discretionary in nature and taken in good faith and these Defendants are protected from liability by the doctrine of qualified immunity.

3. These Defendants and/or their agents acted reasonably under the circumstances and their conduct was justified and/or privileged.

4. Plaintiff's claims are barred by the applicable statute of limitations, including, but not limited to, the limitations period prescribed by Sections 516.120 and/or 516.130, RSMo., and/or 29 C.F.R. Section 1614.105(a)(1).

5. Plaintiff is not entitled to an award of punitive damages against these Defendants in their official capacity, pursuant to the 11th Amendment of the United States Constitution, the Missouri Sovereign Immunity Statute, Section 537.600, RSMo., et seq. (including, but not limited to Section 537.610, RSMo.), and 42 U.S.C. § 1983.

6. Plaintiff's claims are barred to the extent that they seek damages under 42 U.S.C. Section 1983 against these Defendants upon the theory of respondent superior.

7. These Defendants deny that punitive damages are submissible or appropriate, but further state that any award of punitive damages shall be limited by Section 510.265.1, RSMo.

8. To the extent Plaintiff seeks punitive damages against these Defendants, these Defendants state: the substantive and procedural laws of the State of Missouri concerning the assessment and imposition of punitive damages are violative of the Fourteenth Amendment to the United States Constitution, in that unlimited jury and/or judicial discretion in the fixing of punitive damages invites extreme results which are unacceptable under the due process clause of the Fourteenth Amendment of the United States Constitution. Under Missouri law, no reasonable constraints on the exercise of the jury's discretion in awarding punitive damages are furnished by jury instructions (or otherwise), in that the jury is not directed to consider relative factors in quantifying the amount of punitive damages that may be awarded. The absence of directives to the jury to consider relative factors allows impermissible and unconstitutional vagueness and ambiguity in the jury instruction, deliberation and verdict. This vagueness and ambiguity in turn threaten to deprive these Defendants of their property without due process of law.

9. To the extent Plaintiff seeks recovery of punitive damages, the imposition of such punitive damages under the facts of this case would be violative of the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution and in violation of Sections 2, 10, 15, 21 and 22(a) of Article I of the Constitution of the State of

Missouri. Specifically, these Defendants state that the substantive laws of the State of Missouri concerning the assessment and imposition of punitive damages are unconstitutionally vague and arbitrary; that punitive damages alleged in this case are excessive punishment; and that punitive damages are impermissible under the Fourteenth Amendment to the United States Constitution in that they constitute a fundamental denial of due process of law.

10. To the extent the Plaintiff seeks recovery of punitive damages, the request for imposition of punitive damages against these Defendants is highly penal in nature, therefore triggering the protection of the aforesaid sections of the United States Constitution and the Constitution of the State of Missouri. Accordingly, the evidentiary burden of proof that Plaintiff must satisfy and fulfill as a condition precedent to the award of punitive damages should be that of "proof beyond a reasonable doubt."

11. Plaintiff's claims are barred by the doctrine of sovereign immunity.

12. Plaintiff's claims are barred by the public duty doctrine and/or the official immunity doctrine.

13. Plaintiff has failed to mitigate any alleged damages.

14. Any liability (which these Defendants deny) is limited by Section 537.610, RSMo.

15. These Defendants did not have a duty to Plaintiff.

16. The deliberate criminal act of Jerome Buschman is the proximate cause of any damages to Plaintiff.

12

17. Any damages were caused, in whole or in part by the intervening acts or omissions of persons or entities other than these Defendants over whom these Defendants had no control.

18. Pursuant to Section 490.715, RSMo., there is a presumption that the dollar amount necessary to satisfy the financial obligation to the healthcare provider represents the value of the medical treatment rendered.

19. Any claims against Defendant James in his official capacity are barred by sovereign immunity.

20. Plaintiff's claims are barred because she failed to exhaust all private and administrative remedies.

21. Plaintiff is barred from seeking relief for any acts or claims which exceed the scope of the charge of discrimination.

22. Plaintiff is barred from seeking relief for any acts or claims which occurred more than 180 days prior to the date of the filing of the charge of discrimination.

23. Any portion of Plaintiff's claims arising two years prior to the filing of this lawsuit are barred pursuant to Section 213.111, RSMo.

24. The "contributing factor" standard relied upon in Plaintiff's Complaint has been abrogated by the Missouri Legislature pursuant to §213.101(6), RSMo 2017, and replaced with "motivating factor" standard defined in §213.010(2) and §213.211(19), RSMo 2017. In the alternative, if the "contributing factor" standard relied upon in Plaintiff's Complaint was not abrogated by the Missouri Legislature, the change from contributing factor to the motivating factor standard as defined in §213.010(2) and

§213.211(19), RSMo as amended by SB 43 effective August 28, 2017, is nevertheless procedural in nature only, and therefore does not affect the substantive rights of Plaintiff, and is the proper standard for Plaintiff's claims in this matter.

25. Claims brought against an individual defendant such as Defendant James under the Missouri Human Rights Act have been abrogated by the Missouri Legislature pursuant to §213.101(6), RSMo as amended by SB 43 effective August 28, 2017, and replaced with language that prevents an individual such as Defendant Myers from being named as a Defendant in this cause of action pursuant to §213.010(8)(c), RSMo as amended by SB 43 effective August 28, 2017. In the alternative, if individual liability as to Defendant James was not abrogated by the Missouri Legislature, elimination of individual liability for Defendant James pursuant to §213.010(8)(c), RSMo as amended by SB 43 effective August 28, 2017, is nevertheless procedural in nature only, and therefore does not affect the substantive rights of Plaintiff, and therefore prevents Plaintiff from proceeding on any claims against Defendant Jamess in this cause of action.

26. Any amount of damages that could be award to the Plaintiff is limited by the provisions of §213.111.4, RSMo as amended by SB 43 effective August 28, 2017. The addition of damage caps contained in §213.010(8)(c), RSMo as amended by SB 43 effective August 28, 2017, is procedural in nature, and therefore does not affect the substantive rights of Plaintiff, and therefore is applicable to this case.

26. Pursuant to §213.111.5, RSMo as amended by SB 43 effective August 28, 2017, Plaintiff bears the burden of proving that the alleged unlawful decision or action at

issue in this matter was made or taken because of his protected classification, and was the direct proximate cause of the claimed damages.

27. In the event this matter is submitted to a jury, Defendants are entitled to an instruction that it may not return a verdict for the plaintiff just because the jury might disagree with the Defendants' business decision, or believe it to be harsh or unreasonable. Section 213.101.2, RSMo as amended by SB 43 effective August 28, 2017.

25. These Defendants incorporate any other affirmative defense pled by any other defendant which applies to them or either of them.

Respectfully Submitted,

SCHREIMANN, RACKERS & FRANCKA, L.L.C.

/s/ Ryan Bertels
Chris Rackers, #41894
Ryan Bertels, #55167
931 Wildwood Drive, Suite 201
Jefferson City, MO 65109
573/634-7580
573/635-6034 (facsimile)
rb@srfblaw.com

Attorney for Defendants Jefferson City Public Schools and Robert James

Electronically Filed - Cole Circuit - March 28, 2018 - 10:40 AM

## **CERTIFICATE OF SERVICE**

   The undersigned hereby certifies that a true and correct copy of the above and foregoing was served upon all parties of record, via the Court's filing system on March 28, 2018.


                   <u>/s/ Ryan Bertels</u>