IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| L.B., a minor, by and through ) | | |
| Next Friend, MICHAEL BUSCHMAN, ) | | |
| ) | | |
| *Plaintiff*, ) | | |
| ) | | |
| vs. ) | | |
| ) | Case No. | 2:18-cv-04060-BCW |
| JEFFERSON CITY SCHOOL DISTRICT, ) | | |
| ) | | |
| ROBERT JAMES ) | | |
| In His Individual Capacity, ) | | |
| ) | | |
| JOHN DOE, ) | | |
| In His/Her/Their Individual Capacity, ) | | |
| ) | JURY TRIAL DEMANDED | |
| *Defendants*. ) | | |

**FIRST AMENDED COMPLAINT**

COMES NOW Plaintiff, L.B., a minor, by and through her Next Friend, Michael Buschman, by counsel, Daniel J. Rhoads of **THE RHOADS FIRM, LLC**, and for her causes of action against Defendants, Jefferson City School District; Robert James, In His Individual Capacity; and John Doe, In His/Her/Their Individual Capacity; pleads the following facts upon her personal knowledge, information, and belief:

Parties

1. L.B. is, and at all times relevant to this Petition was, a minor female and a resident of the County of Cole, State of Missouri.

2. Michael Buschman ("Mr. Buschman"), the father of L.B. and her Next Friend in this action, is and at all times relevant to this Complaint was an adult resident of the County of Cole, State of Missouri.

3. Defendant Jefferson City School District ("the District") is a public school district located within the County of Cole, State of Missouri. The District is a political subdivision of the State, a public corporation, and a "person" by statute.

4. Defendant Robert James is, and at all times relevant to this Petition was, the Principal of Jefferson City High School ("JCHS"). He is sued in his individual capacity.

5. Defendant John Doe, at all times relevant to this Petition, was the individual or individuals responsible for implementing and enforcing the District Policies identified below at JCHS. Plaintiff will seek leave to amend the Complaint by substituting parties when the identity or identities of John Doe are revealed during discovery.

## Jurisdiction and Venue

6. Count VI of this Complaint arises under the laws of the United States—to wit, § 1983 of Title 42 of the U.S. Code. This Court has supplemental jurisdiction over all other Counts of the Complaint.

7. Defendants are subject to this District Court's personal jurisdiction with respect to this civil action, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this judicial district.

## District Policies

8. The District, through its Board of Education, develops and promulgates policies that govern the management, administration, and operations of its schools, which include JCHS.

9. District Policy JHFA, "Supervision of Students," states: "Students are to be under adult supervision at all times during school hours . . . . Supervision is not limited to the classroom . . . ."

10. District Policy JHFA further states: "School personnel assigned specific supervisory duties are expected to act as reasonably prudent adults in providing for the safety and welfare of the students in their charge outside of the classroom."

11. District Policy JED, "Student Absences and Excuses," states: "The superintendent, with the assistance of the administrative and professional staff, shall establish rules, regulations and procedures for student attendance within the district. Such rules and regulations shall be published in the various student and parent/guardian handbooks, and shall be subject to review by the Board of Education."

12. The part of District Policy JED that is quoted in paragraph 11, above, is restated verbatim in Section VI of the JCHS handbook for the 2016-17 school year ("the Handbook").

13. District Policy JEDB, "Student Dismissal Precautions," states: "Students shall not be excused into any person's custody without the direct prior approval and knowledge of the building principal or designee. Each building principal will establish procedures to validate requests for early dismissal to assure that students are released *only for proper reasons and only to authorized persons*" (emphasis added).

14. District Policy JEDB further states: "Students will only be released to the parent, guardian or designee of the parent or guardian or to other individuals or agencies permitted or required by law."

15. District Policy JEDB additionally states: "Telephone requests for early dismissal of a student shall be honored *only if the caller can be positively identified as the student's parent or guardian*" (emphasis added).

16. District Policy JEDB also states: "Any person requesting release of a student must present proper identification prior to release of the student."

17. The parts of District Policy JEDB that are quoted in the preceding paragraphs are restated verbatim in Section VI of the Handbook.

18. Section V of the Handbook, under the paragraph titled "Releasing Students," states: "The district recognizes that rules regarding the dismissal of students are a necessary part of the district's safety program. Any person requesting the release of a student ***must present proper identification prior to the release of the student***" (emphasis added).

19. Section II of the Handbook, under "Absence Notification," states: "Parents/guardians should notify the school if an absence will occur." It also requires the parent or guardian to "[f]ax . . . or provide medical or court documents for excusing an absence."

20. Section II of the Handbook also contains a "Classification of Absences," which specifies the only types of absences that are excused.

21. The primary purpose of the policies, rules, regulations, and procedures that are cited above (collectively, "the District Policies") is "to ensure that we [the District] have a safe learning environment."

22. It is reasonably foreseeable that if the District Policies are not followed, students will be in danger of being harmed by adults or others off-campus with bad motives.

23. The District Policies established ministerial duties owed by school officials, including but not limited to the following:

    (a)    to release students only to the parent, guardian, designee of the parent or guardian, or other individuals or agencies permitted or required by law;

    (b)    to refuse telephone requests for early dismissal unless the caller can be positively identified as the student's parent or guardian;

    (c)    to require any person requesting release of a student to present proper identification prior to release of the student; and

(d) on the part of the Principal of JCHS, to establish procedures to validate requests for early dismissal to assure that students are released only for proper reasons and only to authorized persons.

Facts Applicable to All Counts

24. During the 2016-17 school year, L.B. was a 16-year-old sophomore student at JCHS.

25. L.B. had an adoptive, 32-year-old cousin ("the Abuser") who in 2016 was grooming her to become his victim of sexual abuse.

26. Due to the presence and attention of other adults, the Abuser never had the opportunity to have sexual intercourse with L.B. unless school was in session.

27. On September 9, 2016, L.B. was in school at JCHS with her minor peers.

28. Early in the afternoon, the Abuser called JCHS and claimed to be L.B.'s father. He asked L.B. to be dismissed from school, but the excuse he gave is not known.

29. JCHS did not ask the Abuser for proper identification, did not positively identify him, and did not require documentation to excuse the absence.

30. The Abuser was never L.B.'s parent, guardian, designee of her parent or guardian, or other individual permitted or required by law to release L.B. from school.

31. While L.B. was in class, her teacher informed her that she had a pass to leave school. L.B. went to the main office to check out, but she was met only by a secretary who hardly looked up from her computer screen to tell L.B. that she was free to leave.

32. As instructed, L.B. went to the Abuser's house, where they had sexual intercourse for the first time.

33. On September 23, 2016, the Abuser again called JCHS, claimed to be L.B.'s father, and asked that L.B. be dismissed early from school.

34. At that time, JCHS did not ask the Abuser for proper identification, did not positively identify him, and did not require documentation to excuse the absence.

35. Again, L.B. went to the Abuser's house, where they had sexual intercourse for the second time.

36. On October 14, 2016, the Abuser again called JCHS, claimed to be L.B.'s father, and asked that L.B. be dismissed early from school.

37. At that time, JCHS did not ask the Abuser for proper identification, did not positively identify him, and did not require documentation to excuse the absence.

38. Again, L.B. went to the Abuser's house, where they had sexual intercourse for the third time.

39. On November 11, 2016, the Abuser called JCHS before school started and asked L.B. to be excused for the entire school day.

40. At that time, JCHS did not ask the Abuser for proper identification, did not positively identify him, and did not require documentation to excuse the absence.

41. JCHS, again in violation of its policies, excused L.B. for the day, making a notation that she was excused by her "dad."

42. November 11, 2016, was the final time that the Abuser had sexual intercourse with L.B.

43. Defendants' repetitive failures to follow their policies as described herein constitute a continuing violation consisting of repeated conduct.

44. In January 2017, Mr. Buschman and L.B.'s mother discovered what the Abuser was doing to L.B. and the ways in which Defendants allowed it to happen.

45. If Defendants had followed the District Policies, the Abuser never would have been able to have sexual intercourse with L.B.

46. At some time between September 9, 2016, and November 11, 2016, Defendants knew or should have known that the Abuser was taking L.B. out of JCHS in violation of the District Policies in order to have sex with her.

47. As a direct and proximate result of Defendants' failures to follow District Policies, Plaintiff was deprived of the accommodations, advantages, facilities, services, or privileges made available in the public school.

48. As a direct and proximate result of Defendants' failures to follow District Policies, L.B. was subjected to unfair treatment based on sex in that she was denied the full and equal use and enjoyment of the school and its services.

49. As a direct and proximate result of Defendants' conduct, L.B. has suffered and continues to suffer damages, including but not limited to (a) emotional pain, suffering, inconvenience, and mental anguish; (b) loss of enjoyment of life; (c) humiliation; and (d) physical pain and suffering.

<u>Exhaustion of Administrative Remedies</u>

50. On May 10, 2017, Plaintiff filed her initial Complaint of Discrimination in the Missouri Commission on Human Rights ("MCHR").

51. On May 10 and 11, 2017, Plaintiff filed her amended Complaints of Discrimination in the MCHR.

52. On December 19, 2017, the MCHR issued its right-to-sue-letter to Plaintiff.

### Count I – Violation of the Missouri Human Rights Act
### All Defendants

53. Plaintiff incorporates the averments in the preceding paragraphs as if they were fully set forth herein.

54. Plaintiff is a member of a protected group—to wit, she is a female.

55. Plaintiff was subjected to unwelcome sexual harassment by the Abuser.

56. Plaintiff's gender was a contributing factor in the harassment.

57. The harassment refused, withheld from, or denied Plaintiff the accommodations, advantages, facilities, services, or privileges made available in the public school, or discriminated against Plaintiff in the use thereof on the grounds of sex.

58. Defendants knew or should have known of the harassment, and it failed to take prompt and effective remedial action.

59. L.B. was thereby damaged.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor on Count I; award Plaintiff such sum in excess of $25,000 as will fairly and justly compensate Plaintiff for all damages that she has sustained and is reasonably certain to sustain in the future as a direct result of Defendants' conduct; and award Plaintiff such additional relief that the Court deems just and proper.

### Count II – Violation of the Missouri Human Rights Act
### Defendant Jefferson City School District

60. Plaintiff incorporates the averments in the preceding paragraphs as if they were fully set forth herein.

61. Plaintiff is a member of a protected group—to wit, she is a female.

62. The District is a political subdivision of the State.

63. The District's conduct described herein constitutes discrimination against L.B. on the basis of sex.

64. L.B. was thereby damaged.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor on Count II; award Plaintiff such sum in excess of $25,000 as will fairly and justly compensate Plaintiff for all damages that she has sustained and is reasonably certain to sustain in the future as a direct result of Defendants' conduct; and award Plaintiff such additional relief that the Court deems just and proper.

Count III – Negligence
Defendant James

65. Plaintiff incorporates the averments in the preceding paragraphs as if they were fully set forth herein.

66. Defendant James owed to all JCHS students, including L.B., a ministerial duty to establish procedures to validate requests for early dismissal to assure that students are released only for proper reasons and only to authorized persons.

67. Defendant James breached his duty by failing to establish such validation procedures.

68. L.B. was damaged each time the Abuser had sexual intercourse with her as a result of the non-existence of such validation procedures.

69. The damages suffered by L.B. were caused by Defendant James' breach of his duty to establish the procedures to validate early dismissals.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor on Count III; award Plaintiff such sum in excess of $25,000 as will fairly and justly compensate Plaintiff for all damages that she has sustained and is reasonably certain to sustain in the future

as a direct result of Defendants' conduct; and award Plaintiff such additional relief that the Court deems just and proper.

Count IV – Negligence
Defendants James and Doe

70. Plaintiff incorporates the averments in the preceding paragraphs as if they were fully set forth herein.

71. Defendants James and Doe owed to all JCHS students, including L.B., the following ministerial duties:

    (a) to release students only to the parent, guardian, designee of the parent or guardian, or other individuals or agencies permitted or required by law;

    (b) to refuse telephone requests for early dismissal unless the caller can be positively identified as the student's parent or guardian; and

    (c) to require any person requesting release of a student to present proper identification prior to release of the student.

72. Defendants James and Doe breached each and every duty listed in the preceding paragraph on each of the occasions when L.B. was released to the Abuser on a school day.

73. L.B. was damaged each time the Abuser had sexual intercourse with her as a result of Defendants' failures to carry out their ministerial duties.

74. The damages suffered by L.B. were caused by Defendants' breaches of their ministerial duties.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor on Count IV; award Plaintiff such sum in excess of $25,000 as will fairly and justly compensate Plaintiff for all damages that she has sustained and is reasonably certain to sustain in the future as a direct result of Defendants' conduct; and award Plaintiff such additional relief that the Court deems just and proper.

## Count V – Negligent Supervision
### Defendants James and Doe

75. Plaintiff incorporates the averments in the preceding paragraphs as if they were fully set forth herein.

76. Defendants owed to all JCHS students, including L.B., a duty to act as reasonably prudent adults in providing for the safety and welfare of the students in their charge.

77. Defendants breached their duty to L.B. each time they allowed the Abuser to dismiss her from school in their violation of the District's Policies.

78. L.B. was damaged each time Defendants allowed the Abuser to dismiss her from school in their violation of the District's Policies.

79. The damages suffered by L.B. were caused by Defendants' breaches of their ministerial duties.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor on Count V; award Plaintiff such sum in excess of $25,000 as will fairly and justly compensate Plaintiff for all damages that she has sustained and is reasonably certain to sustain in the future as a direct result of Defendants' conduct; and award Plaintiff such additional relief that the Court deems just and proper.

## Count VI – Action under § 1983 of Title 42 of the U.S. Code
### All Defendants

80. Plaintiff incorporates the averments made above as if they were fully set forth herein.

81. Defendants acted under color of state law when they engaged in the conduct described above.

82. The conduct to which Defendants subjected L.B. deprived her of the following constitutional rights: (a) L.B.'s property interest in public education, and (b) L.B.'s right to be free from discrimination on the basis of her sex.

83. As a direct and proximate result of Defendants' conduct, Plaintiff suffered damages as described above.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor on Count VI; award Plaintiff such sum in excess of $25,000 as will fairly and justly compensate Plaintiff for all damages that she has sustained and is reasonably certain to sustain in the future as a direct result of Defendants' conduct; and award Plaintiff such additional relief that the Court deems just and proper.

RESPECTFULLY SUBMITTED

 */s/ Daniel J. Rhoads*
Daniel J. Rhoads, 59590 MO
**THE RHOADS FIRM, LLC**
12741 St. Charles Rock Rd.
St. Louis, MO 63044
Phone: (314) 225-8848
Fax: (314) 754-9103
therhoadsfirmllc@gmail.com

*Attorney for Plaintiff*
*L.B., a minor, by and through*
*Next Friend, Michael Buschman*

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing Amended Complaint was filed electronically with the Clerk of the Court on May 25, 2018, to be served by operation of the Court's electronic filing system upon:

Christopher Rackers
Ryan Bertels
Schreimann, Rackers & Francka, LLC
931 Wildwood Dr., Suite 201
Jefferson City, MO 65109
cpr@srfblaw.com
rb@srfblaw.com

*Attorneys for Defendants*

                                                                         */s/ Daniel J. Rhoads*