IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| L.B., )<br>by and through next friend, )<br>Michael Buschman, )<br>)<br>          Plaintiff, )<br>)<br>v. )<br>)<br>JEFFERSON CITY PUBLIC )<br>SCHOOL DISTRICT, *et al.*, )<br>)<br>          Defendants. ) | Case No. 2:18-CV-04060-BCW |

**ORDER**

Before the Court is Plaintiff's Motion for Leave to Amend Complaint by Naming the John Doe Defendant (Doc. #64). The Court, being duly advised of the premises, denies without prejudice said motion.

**BACKGROUND**

Plaintiff L.B. filed claims in the Circuit Court of Cole County, Missouri against Defendant Jefferson City Public Schools ("the District"),[1] Robert James in his individual capacity as principal of Jefferson City High School ("JCHS"), and a John Doe defendant in his or her individual capacity. Defendants timely removed the matter to this Court. (Doc. #1)

Under the allegations of the first amended complaint, L.B. was a minor student at JCHS. On September 9, September 23, October 14, and November 11, 2016, JCHS released L.B. to an individual that was not her parent, guardian, or individual otherwise authorized to release L.B.

---

[1] Though named as "Jefferson City School District" in the amended complaint, "Jefferson City Public Schools" is the proper entity name. (Doc. #30 at 1).

1

from school. This release was contrary to the District's policies. Plaintiff alleges that as a result of the District's failure to adhere to its policies, she was subject to sexual abuse.

Plaintiff alleges six claims: (I) violation of the Missouri Human Rights Act ("MHRA") against all Defendants; (II) violation of the MHRA against the District; (III) negligence against Principal James; (IV) negligence against Principal James and John Doe; (V) negligent supervision against Principal James and John Doe; and (VI) violation of 42 U.S.C. § 1983 against all Defendants. (Doc. #28). On October 26, 2018, the Court granted Defendants' motion to dismiss Plaintiff's Count II. (Doc. #72).

In the instant motion to amend, Plaintiff seeks leave to a second amended complaint (Doc. #64) for the purpose of identifying the John Doe defendant named in Counts I, IV, V, and VI as Deborah Kramer, the JCHS attendance secretary. In the proposed second amended complaint, Plaintiff alleges Kramer "was the individual . . . responsible for implementing and enforcing the District Policies." (Doc. #64-1).

**LEGAL STANDARD**

"After an answer has been filed in response to the plaintiff's complaint, the plaintiff 'may amend the party's pleading only by leave of court . . . and leave shall be freely given when justice so requires.'" Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998) (citing Fed. R. Civ. P. 15(a)). A court may, within its discretion, properly deny leave to amend based on "undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment." Allstate, 160 F.3d at 454 (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). Standing alone, delay is not a sufficient basis to deny leave to amend; "prejudice to the nonmovant must also be shown." Allstate, 160 F.3d at 454 (citing Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 644 F.2d 690, 694 (8th Cir.

1981)). "Any prejudice to the nonmovant must be weighed against the prejudice to the moving party by not allowing the amendment." Id.

## ANALYSIS

Plaintiff seeks leave to file a second amended complaint substituting the John Doe defendant with an attendance secretary at JCHS, Debbie Kramer. Defendants oppose Plaintiff's motion on the basis of the timing of the motion.

The parties agree that substituting Kramer for the John Doe defendant is properly considered an amendment to the complaint that is governed by Fed. R. Civ. P. 15(a). While Defendants are correct in asserting the scheduling order established July 25, 2018 as the deadline to add parties or amend pleadings, the deadlines set forth in the scheduling order are not intended to override Fed. R. Civ. P. 15's dictate that the Court should grant leave to amend when justice so requires. The Court thus considers whether leave to amend under Fed. R. Civ. P. 15 is appropriate based on the relevant factors identified above.

With respect to the issue of undue delay, Plaintiff posits she sought leave to amend on October 9, 2018, after learning through the deposition of Principal James on September 13, 2018 that Kramer was the appropriate substitute for the John Doe defendant. Kramer is the attendance secretary who logged that Plaintiff's father had called in to excuse her from school on the four occasions underlying Plaintiff's claims. Defendants argue their initial disclosures name "Deborah Kremer," and further, Plaintiff's initial disclosures identify "Debbie Kramer, attendance secretary." Defendants argue this demonstrates Plaintiff's knowledge of Kramer and her role at JCHS before taking Principal James' deposition.

In the Court's view, the record reflects that while Plaintiff may have been aware of Kramer, the extent of her involvement may not have been clear until Principal James's deposition

3

testimony. Therefore, while the Court recognizes Plaintiff's delay in seeking leave to add Kramer, the Court declines to find the delay "undue." This factor weighs in favor of granting Plaintiff leave to amend.

With respect to bad faith or dilatory motive, Defendants suggest Plaintiff purposefully waited until after the close of discovery and just before the dispositive motion deadline to seek leave to amend. In light of Plaintiff's knowledge of Kramer's role as attendance secretary as early as May 2018, the Court is inclined to find the timing of the motion to amend slightly suspect. This factor weighs against granting leave to amend.

With respect to the issue of undue prejudice, Defendants argue Plaintiff should not be allowed to amend the complaint after the close of discovery. While the complaint included a John Doe defendant such that Defendants were on notice that Plaintiff might name another JCPS-associated individual, this notice did not define the scope of necessary discovery in any meaningful way. Defendants would be prejudiced by the addition of Kramer to this action because discovery closed on September 28, 2018. Further, Defendants filed a summary judgment motion to the dispositive motion deadline, October 26, 2018. The motion is fully briefed and remains pending. Defendants' motion seeks judgment with respect to each of Plaintiff's claims without consideration of Kramer as an additional defendant. Defendants would be prejudiced by the addition of Kramer after full briefing of their timely dispositive motion. This factor weighs against granting leave to amend.

Finally, the Court takes the issue of futility of amendment under advisement until after ruling on Defendants' motion for summary judgment. If, after the Court rules on Defendants' summary judgment motion, circumstances suggest Plaintiff might be able to sustain a claim against Kramer, Plaintiff is granted leave to re-assert the motion to amend, which will likely also

necessitate reopening discovery for a limited purpose. At this stage in the litigation, however, the Court denies Plaintiff's motion for leave to subsitute Kramer as a defendant in this case. Accordingly, it is hereby

ORDERED Plaintiff's Motion for Leave to Amend Complaint by Naming the John Doe Defendant (Doc. #64) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.


DATED: <u>January 29, 2019</u>　　　　　　　　　　<u>/s/ Brian C. Wimes　　　</u>
　　　　　　　　　　　　　　　　　　　　　　JUDGE BRIAN C. WIMES
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT