IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| L.B., a minor, by and through Next Friend, MICHAEL BUSCHMAN, ) ) ) | |
| *Plaintiff*, ) ) | Case No. 2:18-cv-04060-BCW |
| vs. ) ) | |
| JEFFERSON CITY SCHOOL DISTRICT, ) ) | |
| ET AL., ) ) | |
| *Defendants*. ) | |

## PLAINTIFF'S OBJECTIONS TO DEFENDANTS' BILL OF COSTS

C<small>OMES</small> <small>NOW</small> Plaintiff, by and through counsel, and in accordance with Local Rule of the United States District Court for the Western District of Missouri 54.1(a)(1), objects to Defendants' Bill of Costs [Doc. # 82] and offers the following suggestions:

### I. GOVERNING LAW

Rule 54(d) allows for taxation of costs in favor of the "prevailing party." Fed. R. Civ. Pro. 54(d)(1). "It is phrased permissively because Rule 54(d) generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party." *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987). The discretion to award costs is bounded in that the costs which may be taxed are delimited by 28 U.S.C. § 1920. *Crawford Fitting*, 482 U.S. at 445. In other words, while the Court has authority to deny costs or to allow them, it may only, at most, award the costs which are authorized by statute.

## II. PROCEDURAL POSTURE

On July 1, 2019, Plaintiff filed her timely notice of appeal [Doc. # 83]. Therefore, the instant action remains pending and there is not yet a prevailing party. However, while this Court has been divested of jurisdiction over the matters on appeal, "a district court retains jurisdiction over collateral matters, such as attorney's fees or sanctions, while an appeal is pending." *FutureFuel Chem. Co. v. Lonza, Inc.*, 756 F.3d 641, 648 (8th Cir. 2014). And Local Rule 54.1(a)(1) requires a party objecting to a bill of costs to file her suggestions within 14 days after the bill's filing. Therefore, Plaintiff is preserving her objections to Defendants' Bill of Costs by filing these suggestions.

Regardless of the outcome of this case after the pending appeal, the Court should exercise its discretion to deny any and all costs to Defendants for the reasons given below. Even if the Court decides to tax some costs against Plaintiff, costs which are unauthorized by statute, billed twice, or unreasonable should be denied.

## III. LEGAL ARGUMENT

Defendants' Bill of Costs should be denied in full because while Defendants are a political subdivision of the State and its officials, Plaintiff is a young woman who just turned 18, has modest means, and is still suffering from the effects of the trauma which gave rise to this lawsuit. See *Teague v. Bakker*, 35 F.3d 978, 996 (4th Cir. 1994) (affirming denial of costs where plaintiffs were persons "of modest means"); see also *Badillo v. Cent. Steel & Wire Co.*, 717 F.2d 1160, 1165 (7th Cir. 1983) ("it is within the discretion of the district court to consider a plaintiff's indigency in deny costs under Rule 54(d)"). If one wonders why a political subdivision of the State would need a single, young victim of a sex crime to foot its bill for litigation costs, the reason might be that taxing costs against the Plaintiff would dissuade future

victims from seeking judicial relief. See *Hiegel v. Hill*, 771 F.2d 358, 361 (8th Cir. 1985) (Sachs, J., concurring) (recognizing that this chilling effect should be considered in resolving costs). Rather than punitively imposing costs on the Plaintiff, the Court should exercise its discretion to deny reimbursement from her to the school district.

Even if the Court grants some costs to Defendants, it should not order the Plaintiff to reimburse them for costs that are unauthorized by statute, billed twice, or unreasonable. To begin, Defendants are brazenly billing the Plaintiff for their half of the private mediator's fee. *See* Doc. # 82-1. Not only is such an expense not authorized by 28 U.S.C. § 1920, it contradicts the understanding of both the parties and the mediator, that each side would pay half the mediation fees. Second, Defendants appear to be double-billing the $60.00 expense for the subpoena to Diane Barnes. *See* Doc. ## 82 and 82-1.

Finally, the costs for the depositions of L.B., Michael Buschman, and Shelly Buschman are inflated due to the unreasonable dilation of those depositions by Defendants' counsel. Over the objections of Plaintiff's counsel, the aforementioned witnesses were gratuitously questioned for hours about irrelevant issues regarding the Plaintiff's adoption and pre-adoption, infant history, among other things. Subjecting these witnesses unnecessarily to such abusive and harassing questioning was bad enough; sending them the bill for the time takes a good joke too far. The Court should not reward that conduct.

## IV. CONCLUSION

The Court has it in its discretion to deny Defendants' Bill of Costs in full. In light of the relative standings of the parties, justice requires that Plaintiff not be ordered to subsidize Defendants' litigation costs. Even if the Court allows some costs, the amounts billed for expenses that are unauthorized by statute, billed twice, or unreasonable should be denied.

RESPECTFULLY SUBMITTED

  /s/ Daniel J. Rhoads
Daniel J. Rhoads, 59590 MO
**THE RHOADS FIRM, LLC**
3703 Watson Rd.
St. Louis, MO 63109
Phone: (314) 225-8848
Fax: (314) 754-9103
therhoadsfirmllc@gmail.com

*Attorney for Plaintiff*
*L.B., a minor, by and through*
*Next Friend, Michael Buschman*

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was filed electronically with the Clerk of the Court on July 5, 2019, to be served by operation of the Court's electronic filing system upon:

Christopher Rackers
Ryan Bertels
Schreimann, Rackers & Francka, LLC
931 Wildwood Dr., Suite 201
Jefferson City, MO 65109
cpr@srfblaw.com
rb@srfblaw.com

*Attorneys for Defendants*

  /s/ Daniel J. Rhoads